IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA ANN GEE,<br><br>   Plaintiff,<br><br> -vs-<br><br>NANCY A. BERRYHILL,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civil Action No. 18-15 |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since June 1, 2010. (ECF No. 10-5, p. 3). Administrative Law Judge ("ALJ"), Melissa Tenenbaum, held a hearing on February 22, 2017. (ECF No. 10-2, pp. 27-65). On May 15, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 10-2, pp. 11-22).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

After exhausting all of her administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Jobs in the National Economy**

Plaintiff argues that the ALJ erred in determining whether there are jobs existing in significant numbers in the national economy that she could perform according to the residual functional capacity ("RFC")[2] as defined by the ALJ. (ECF No. 13). To that end, Plaintiff first

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §404.1545(a). The ALJ found that Plaintiff has the RFC to perform at the light exertional level, except she needs to be able to alternate between sitting and standing every 30 minutes, occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, no concentrated exposure to extremes of heat, cold, wetness, or humidity, limited to simple tasks, directions and instructions (simple

argues that a job identified by the VE and accepted by the ALJ is for heavy work while her RFC is for light work. (ECF No. 13, pp. 9-10). After a review of the record, I disagree. One of the jobs identified by the VE at the hearing and discussed with the ALJ was for a routing clerk at the light level. (ECF No. 10-2, p. 56). The VE testified that there are 55,000 routing clerk jobs available nationally and that this is consistent with the Dictionary of Occupational Title ("DOT"). *Id.* at pp. 56-57. The VE identified the DOT code for such job as 222.687-038. *Id.* In her opinion, the ALJ listed the job of routing clerk identified by the VE as DOT code 222.387-038. (ECF No. 10-2, p. 21). DOT code 222.387-038 is not a routing clerk job but a parcel post clerk job that is listed at the heavy exertional level. The DOT identifies a routing clerk with similar code numbers 222.687-022 and 222.587-038, both with a light strength level. There was no mention at the hearing about a parcel post clerk job at the heavy exertional level. *See,* ECF No. 10-2, pp. 55-65. As a result, I find there was a mistake in transcribing the correct DOT code. Thus, I find this error to be harmless.[3]

Next, Plaintiff argues that none of the jobs identified by the VE at the light exertional level satisfy her RFC reasoning level. (ECF No. 13, pp. 10-13). Specifically, Plaintiff argues that the ALJ "confuses the SVP levels with GED Reasoning levels." *Id.* Further, Plaintiff submits that her reasoning level is 1 and all of the light exertional level jobs identified by the VE are at a reasoning level 2. Thus, Plaintiff submits that the ALJ's opinion is not supported by substantial evidence. *Id.* After a review of the evidence, I disagree.

---

corresponding to DOT SVP levels 1 or 2), occasional contact with the public, co-workers, or supervisors, supervisors must deliver instructions verbally or by demonstration, no consistent rapid pace, few changes in work processes and locations, and few independent decisions. (ECF No. 10-2, p. 16). Plaintiff does not challenge the RFC finding. *See,* ECF No. 13.

[3] Since I find the error in transcribing the correct DOT code to be harmless, Plaintiff's subsequent arguments involving parcel post clerk jobs are moot. (ECF No. 3, pp. 10, 13).

4

Specific Vocational Preparation ("SVP") is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Appx C,* Dictionary of Occupational Titles. SVP levels 1 and 2 are defined as anything beyond short demonstration up to and including 1 month. *Id.*

A reasoning level, on the other hand, is one of the three divisions of the general educational development ("GED"). *Appx C,* Dictionary of Occupational Titles. Reasoning level 1 involves applying commonsense understanding to carry out simple one- or two-step instructions in standardized situations with occasional or no variables on the job. *Id.* Reasoning level 2 involves applying commonsense understanding to carry out detailed but uninvolved written or oral instruction in problems involving a few concrete variables in standardized situations. *Id.* As opposed to a job with a level 2 reasoning, a job with a reasoning level of 3 involves applying commonsense understanding to carrying out instructions furnished in written, oral, or diagrammatic form in dealing with problems involving several concrete variables in or from standardized situations. *Appx C,* Dictionary of Occupational Titles.

In this case, the ALJ found that Plaintiff has the RFC to perform at the light exertional level, except she needs to be able to alternate between sitting and standing every 30 minutes, occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, no concentrated exposure to extremes of heat, cold, wetness, or humidity, limited to simple tasks, directions and instructions (simple corresponding to DOT SVP levels 1 or 2), occasional contact with the public, co-workers, or supervisors, supervisors must deliver instructions verbally or by demonstration, no consistent rapid pace, few changes in work processes and locations, and few independent decisions. (ECF No. 10-2, p. 16). Plainly, the ALJ specifically limited Plaintiff to a job with an

SVP level of 1 or 2. *Id.* All of the jobs identified by the VE at the light exertional level have an SVP level of 2. Thus, I find no error in this regard.

The ALJ does not specifically state Plaintiff's reasoning level. *Id.* All of the jobs identified by the VE at the light exertional level have a reasoning level of 2. As set forth above reasoning level 2 involves applying commonsense understanding to carry out detailed but uninvolved written or oral instruction in problems involving a few concrete variables in standardized situations. *Appx C,* Dictionary of Occupational Titles. That follows the RFC established by the ALJ. Limiting a plaintiff to simple, routine tasks does not contradict a reasoning level of 2. In fact, the Third Circuit has held that "there is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). In this case, there is no doubt that the VE had the opportunity to listen to Plaintiff's testimony regarding her past relevant work history and education (graduated from high school). (ECF No. 10-2, pp. 29-55). Thus, based on the same, I find there is substantial evidence to support the ALJ's finding that considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Therefore, I find no error on the part of the ALJ finding that Plaintiff could perform jobs that have a corresponding reasoning level of 2.[4]

Plaintiff next argues that the ALJ's determination that the loss of her right index finger would have a minimal impact on her ability to adapt to work was not supported by substantial evidence since she did not adequately explain her reasoning. (ECF No. 10, pp. 13-14). Again,

---

[4] Plaintiff makes an argument that the sedentary jobs identified by the VE require a reasoning level above Plaintiff's. (ECF No. 13, pp. 12-13). I find this argument to be moot since I find no error as set forth above.

I disagree. The ALJ specifically considered Plaintiff's amputation of her right index finger and the impact on Plaintiff's ability to function and explained her finding in detail.

> The claimant's records also document her history of amputation of right index finger (noted in 2012 to have occurred five years prior) (Exhibit 8F/3). However, the claimant's grip remained intact on examination. The condition also did not prevent the claimant from working as a custodian, a job that per her own description included significant use of her hands for handling objects both large and small (Exhibit 6E). Even the more recent opinion statements by the claimant's primary care provider, that otherwise cited substantial limitations, did not mention any restrictions attributed to the loss of the claimant's index finger, and specifically stated that she was able to sort, handle or use paper files; care for personal hygiene; prepare meals; and shop, for instance (Exhibits 13F, 14F). The evidence does not show that the claimant's status-post right index finger amputation more than minimally limited her ability to perform basic work activity (SSR 96-3p).

(ECF No. 10-2, p. 14). I also note that the ALJ included a limitation for no rapid or production rate pace in the hypothetical question to the VE. (ECF No. 10-2, p. 56). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 10-2, pp. 11-22). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA ANN GEE,  )
　)
　　　Plaintiff,  )
　)
　-vs-  )　　Civil Action No. 18-15
　)
NANCY A. BERRYHILL,[5]  )
COMMISSIONER OF SOCIAL SECURITY,  )
　)
　　　Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 15th day of April, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/　Donetta W. Ambrose
　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.